UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BENAIAH BARRINGTON

                    Plaintiff,                             **COMPLAINT**

                  *-against-*                         **PLAINTIFF DEMANDS**
                                                               **TRIAL BY JURY**

POLICE OFFICER ROSS GARNER

                  Defendant,
------------------------------------------------------------------X

Plaintiff, BENAIAH BARRINGTON, by his attorney, Alexis G. Padilla, Esq., complaining of the defendant, Police Officer Ross Garner (NYPD Shield #21542) upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution against P.O. Ross Garner, a police officer of the City of New York, in his individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. It is alleged that P.O. Garner subjected plaintiff to an unreasonable search and seizure and that he initiated a baseless and malicious prosecution against plaintiff, violating his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and causing him to be falsely imprisoned for a period of approximately seven days.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4. Benaiah Barrington was at all material times a resident of Brooklyn, New York. Plaintiff was 26 years old at the time of the incident.

5. Defendant Police Officer Ross Garner was at all times relevant to this complaint a duly appointed and acting officer of the police department of the City of New York, acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and the City of New York.

## FACTS

6. At approximately 11 p.m. on January 21, 2015 plaintiff Benaiah Barrington was at home in his second floor apartment at 362 Macon Street in Brooklyn when he heard a loud bang.

7. Plaintiff opened the door to his apartment and saw four people, one of whom he recognized as a neighbor from the fourth floor, running down the stairs.

8. Plaintiff attempted to inquire as to the apparent commotion but the four individuals rushed past him and exited the building.

9. Plaintiff heard shouting coming from the fourth floor and thought that maybe someone was injured.

10. Plaintiff went up to the fourth floor and found the door ajar. Plaintiff knocked and an individual with a gun in his hand answered. Plaintiff was startled and immediately put his hands up.

11. Plaintiff could see that in addition to the gunman there were two women and two men subdued in the apartment.

12. At this point it became apparent to plaintiff that he'd just walked in on a robbery.

13. The individual with the gun, who was later identified by police as Nathaniel Moore, pointed the weapon in plaintiff's direction and told him to leave.

14. Plaintiff hastily retreated down the stairs but before he could get back into his apartment he heard loud knocking at the front door to the building (which is a brownstone – the "front door" being the door at the foot of the second floor landing) and shouts of "Police!"

15. Plaintiff opened the door and a group of police officers rushed in with guns drawn.

16. Police Officer Ross Garner grabbed plaintiff and pushed him against a wall. Plaintiff immediately informed the officer that he lived in the building and that he had nothing to do with what was happening on the fourth floor.

17. P.O. Ross Garner ignored plaintiff, handcuffed him and told him that he was "under investigation" when plaintiff demanded to know why he was being detained.

18. P.O. Garner then frisked plaintiff and searched his pockets. He took plaintiff's keys from around his neck and entered the second floor apartment even though plaintiff stated emphatically that he did not consent to police entering his apartment.

19. While police searched his apartment and investigated the robbery on the fourth floor plaintiff was detained on the second floor.

20. When police finished investigating the fourth floor robbery plaintiff was taken outside, still in handcuffs, put in a police vehicle and transported to the 81st Precinct in Brooklyn,

where he was charged with a litany of crimes, including robbery in the first degree, burglary in the first degree, and criminal possession of a firearm.

21. As plaintiff was being led away by the police, a number of the individuals who were present on the fourth floor at the time of the robbery told the police that plaintiff lives on the second floor of the building and that he had nothing to do with the robbery.

22. In his sworn criminal complaint, defendant Police Officer Ross Garner claimed that Katherine Barfield, a resident of the fourth floor apartment and a victim of the robbery stated that plaintiff entered the apartment along with the gunman and that he assisted the gunman in removing property and currency from the apartment.

23. Katherine Barfield denies making any such statements against the plaintiff and has said as much in two sworn statements, one of which was handed to plaintiff's defense attorneys on the 22nd of January 2015 and another which was sworn and notarized on June 30, 2015. Katherine Barfield also testified before a grand jury investigating the matter that Benaiah Barrington had nothing to do with the robbery and that police officers at the scene, including P.O. Garner, attempted to pressure her into making incriminating statements against him.

24. From the 81st Precinct in Brooklyn, plaintiff was transferred to Central Booking in Manhattan and then eventually to Riker's Island, where he spent the next six days.

25. On January 28, 2015 plaintiff was brought before a grand jury and the evidence against him was presented. A number of individuals who were victims of the January 21 robbery, including Katherine Barfield, Shaquan Mackenzie and Calvin Harris (all three are mentioned in P.O. Garner's arrest report) offered sworn statements and testimony that contradicted statements made by defendant Police Officer Ross Garner in his arrest report

and that fully exonerated plaintiff of any wrongdoing. Not one of the individuals present at the time of the robbery offered a statement incriminating plaintiff nor was any evidence presented that could establish a link between the plaintiff and the actual perpetrator of the robbery, Nathaniel Moore.

26. Plaintiff was released from police custody at the conclusion of the grand jury hearing and all charges against him were eventually dismissed.

27. In total, plaintiff was detained for approximately seven days.

28. At the time of his arrest, no probable cause existed to commence and maintain a criminal proceeding against plaintiff as it related to the fourth floor robbery.

29. In his arrest report and criminal complaint, defendant Police Officer Ross Garner fabricated statements that falsely implicated plaintiff and attributed these statements to Katherine Barfield, causing plaintiff to be detained for crimes that he did not commit and that Police Officer Garner knew or should have known that he did not commit.

30. During the events described above, defendant acted maliciously with callous disregard and with the intent to injure plaintiff.

31. During the events described above, defendant acted under color of State law, and deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the right to be free from the unreasonable seizure of his person.

32. By these actions defendant has deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

33. As a direct and proximate cause of the acts of the defendant, plaintiff suffered the

following injuries and damages.

    A. Unreasonable search and seizure;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty; and

    D. Denial of equal protection under the law.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendant Police Officer Ross Garner were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by defendant Police Officer Ross Garner in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

38. The acts complained of deprived plaintiff of his rights:

    A. To be secure in his person and home against unreasonable search and seizure;

    B. To be free from deprivation of liberty without due process of law;

    C. To be free from unwarranted and malicious criminal prosecution; and

    D. To receive equal protection under the law.

**WHEREFORE,** plaintiff demands judgment in the sum of one hundred thousand dollars ($100,000) in compensatory damages, two hundred and fifty thousand dollars ($250,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 07/20/2015
Brooklyn, NY

_[signature]_

Attorney for Plaintiff
ALEXIS G. PADILLA [AP-7400]
575 Decatur Street, #3
Brooklyn, NY 11233
PHONE: (917) 238-2993